# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| DiAnn Lyons, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiffs, | § § | |
| | § | Civil Action No. 4:12CV2506 |
| vs. | § § | Judge Nancy F. Atlas |
| MMC Group, LP, C.D. Mitchell & Co. and Mir Mitchell & Company, LLP | § § § | |
| Defendants. | § § | |

_____

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR
CONDITIONAL CERTIFICATION AND OBJECTIONS TO PLAINTIFFS'
PROPOSED NOTICE AND REQUESTED EMPLOYEE INFORMATION**

_____

R. ROGGE DUNN
State Bar No. 06249500

Email: Rogge@righttowork.com

BRYAN C. COLLINS
State Bar No. 04604850
Email: bcollins@clousedunn.com

**CLOUSE DUNN LLP**
1201 Elm Street, Suite 5200
Dallas, Texas 75270
Ofc: (214) 220-3888
Fax: (214) 220-3833

**ATTORNEYS FOR DEFENDANTS**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................................ii

I.   STATEMENT OF THE CASE ............................................................................ 1

II.  ARGUMENT ...................................................................................................... 3

A.   Defendants' Position Regarding Conditional Certification ............................. 6

B.   Defendant's Objections to the Form and Scope of Plaintiffs' Proposed Notice as well as certain Employee Information sought by Plaintiffs .................................... 7

   1.   Objection to Notice Period ......................................................................... 9

   2.   Objection to Proposed Notice by First Class Mail and by Email ................ 9

   3.   Objection to Three-Year Notice Without Additional Explanatory Information and Notice. ...................................................................................... 10

   4.   Objection to the Court Name in the Heading  and the Conclusion of Plaintiff's Proposed Notice ............................................................................ 11

   5.   Objection to the Failure to Incorporate Their "Good Faith" Defense in the Introduction Section of Plaintiffs' Proposed Notice. ......................................... 11

   6.   Objection to the Description of "Right to Participate" in the Lawsuit Because it Fails to Accurately Inform Recipients of All of Their Options. ................................ 12

   7.   Objection to the Lack of Information to  Class Members That They Could be Liable for Court Costs ............................................................................ 13

   8.   Objection to Plaintiff's Request for Authority to  Re-send the Notice (or a Reminder Letter) During the Notice Period ......................................................... 13

   9.   Objection to Providing to Plaintiff's Counsel   Certain Requested Employee Information. ............................................................................ 14

III. CONCLUSION ................................................................................................ 15

TABLE OF AUTHORITIES

**Cases**

*Baden–Winterwood v. Life Time Fitness,* No. 06 CV 99, 2006 WL 2225825 (S.D.Ohio Aug. 2, 2006) ....................................................................................................... 8

*Badgett v. Tex. Taco Cabana, L.P.*, 2006 WL 2934265 (S.D.Tex.2006) .......................... 5

*Blaney v. Charlotte-Mecklenburg Hosp. Auth.* 3:10-CV-592, 2011 U.S. Dist. LEXIS 105302....................................................................................................................... 4

*Bredbenner v. Liberty Travel, Inc.,* No. 09–CV–00905, 2009 WL 2391279 .............. 8, 14

*D'Anna v. M/A-Com, Inc*. 903 F. Supp. 889 (D. Md. 1995)................................................ 4

*Desert Palace, Inc. v. Costa*, 539 U.S. 90, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003) .......... 5

*England v. New Century Fin. Corp.*, 370 F.Supp.2d 504 (M.D.La2005) .......................... 5

*Foraker v. Highpoint Southwest Servs., L.P., 2006 WL 2585047 (S.D.Tex. Sept 7, 2006)*7, 11, 12, 13

*H & R Block, Ltd. V. Housden*, 186 F.R.D. 399 (E.D.Tex. 1999) ...................................... 5

*Hallissey v. Am. Online, Inc.,* No. 99–CIV–3785, 2008 WL 465112 (S.D.N.Y. Feb. 19, 2008) ................................................................................................................ 8, 9, 10

*Hardemon v. H & R Block East. Enters*, 2011 WL 3704746................................................ 5

*Hickson v. United States Postal Serv*. No. 5:09CV83, 2010 U.S. Dist. LEXIS 104112 (E.D. Tex. July 22, 2010).......................................................................................... 4

*Hipp v. Liberty Nat'l Life Ins. Co*. 252 F.3d 1208 (11th Cir.2001) ...................................... 5

*Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165 (1989) ...................................... 3, 7, 11

*Lusardi v. Xerox Corp.*, 122 F.R.D. 463 (D.N.J. 1988) ...................................................... 5

*Martinez v. Cargill Meat Solutions,* 265 F.R.D. 490 (D.Neb.2009) ............................. 8, 11

*McKnight v. D. Houston, Inc.*, 756 F. Supp.2d 794 (S.D.Tex. 2010) ............................. 5, 6

*Mooney v. Aramco Servs. Co.*, 54 F. 3d 1207 (5th Cir. 1995) ........................................ 5, 6

*Myers v. Hertz Corp*. 624 F.3d 537 (2nd Cir. 2010)............................................................ 4

*Pereira v. Foot Locker, Inc.,* 261 F.R.D. 60 ....................................................................... 7

*Purdham v. Fairfax Cnty. Pub.Schs*. 629 F. Supp. 2d 544 (E.D. Va. 2009) ........................ 4

*Reab v. Elec. Arts, Inc.,* 214 F.R.D.623 (D.Colo.2002) ........................................................ 8

*Richardson v. Wells Fargo Bank, N.A.,* 2012 WL 334038 (S.D.Tex.2012) ................... 4, 6

*Ritzer,*2008 WL 4372784 ..............................................................................................7, 8, 14

*Russell v. Ill. Bell Tel. Co*., 575 F.Supp.2d 930 (N.D.Ill.2008) .......................................... 5

*Steinberg v. TD Bank N.A*., 2012 WL 2500331 (D. N.J. June 27, 2012)...............9, 10, 14

*Walker v. Honghua AM., LLC*, 2012 WL 1601288 (S.D. Tex. May 7, 2012) ..............9, 10

*Williams v. Long,* 585 F.Supp.2d 679 (D.Md.2008) ........................................................... 8

**Statutes**

29 C.F.R.§ 541.0.................................................................................................................... 3

29 U.S.C. § 216(b).............................................................................................................1, 3

29 U.S.C. § 207 ..................................................................................................................... 3

29 U.S.C. § 213(a)(1) ........................................................................................................... 3

29 U.S.C. §213(a) (17) ......................................................................................................... 3

Defendants MMC Group, LP (hereinafter "MMC Group"), C.D. Mitchell & Co. (hereinafter "CDM"), and Mir Mitchell & Co., LLP (hereinafter "MMC") (hereinafter collectively "Defendants") submit this Response to Plaintiffs' Motion for Conditional Certification and Objections to Plaintiffs' Proposed Notice and Requested Employee Information (hereinafter "Response").

## I.  STATEMENT OF THE CASE

On August 21, 2012, Plaintiff DiAnn Lyons (hereinafter "Plaintiff" or "Lyons") filed a collective action complaint pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act (hereinafter "FLSA") seeking unpaid overtime wages on behalf of herself and others similarly situated claiming that they were subject to a uniform compensation practice of paying them on an hourly basis, but paying only "straight time" for their overtime hours.  (Doc. #1)  Defendants timely filed their answers to the Complaint (Doc. #15-16).   Among other things, Defendants plead that two of the named Defendants, MMC Group and MMC, were not employers of the Plaintiff or any of the putative class members.   (Doc. ##15-16)   Without waiving that defense, and subject thereto, this Response is submitted by all named Defendants.

Plaintiff's overtime claims are predicated solely upon an allegation that Defendants engaged in a uniform compensation practice of paying them on an hourly basis and only paying them "straight time" for their overtime hours without being able to satisfy the threshold "salary basis" requirement under the FLSA.  On November 12, 2012, Plaintiff

filed her Motion for and Memorandum in Support of Conditional Certification and Judicial Notice (hereinafter "Motion").   (Doc. # 29).   Plaintiff acknowledged in that Motion that all three Defendants assert that CDM is Plaintiff's true employer.   (Doc. #29.1, p. 3 and n. 1)

CDM places personnel at client worksites and locations across the country.   One such client was the Federal Deposit Insurance Corporation ("FDIC").   (Doc. ##15-16)   Among other things, the FDIC (as a failed bank's receiver) assumes the task of selling and collecting a bank's assets and settling its debts.   Pursuant to contracts with the FDIC, CDM employed individuals, including Plaintiff, to perform services for the FDIC at failed banks in several states.   (Doc. ## 1, 15-16)   For purposes of this Response only, such individuals employed by CDM will be identified as "FDIC Contractors."

Plaintiff seeks to have this Court conditionally certify this matter as a collective action and to send Court-authorized notice to the following group:

> All individuals paid an hourly rate and "straight time" for overtime hours, and who work or worked for Defendants on projects supporting the FDIC with bank closings, receivership assistance, and other related services, at any time within three years of the date the Court grants this motion.

(Doc. #29, p. 6)

As more fully described herein, Defendants MMC Group and MMC oppose conditional certification for the reason that they were not Plaintiffs' employer of the employer of any putative class member, and seek dismissal of the claims against them in this Complaint.   (*See* Grover Decl. ¶ 4, App. 1).   CDM, while reserving its right to move for decertification of any such class, does not oppose conditional certification.   However,

it does oppose and object to the scope and form of the Notice and Consent form proposed by Plaintiffs as well as certain employee information sought by Plaintiffs.

## II. <u>ARGUMENT</u>

Section 207 of the FLSA requires that employees be paid overtime for all hours worked over 40 in a workweek, unless the employee is employed as a *bona fide* executive, administrative, professional, outside sales employees and certain computer employee, referred to as the "white collar" exemptions. *See* 29 U.S.C. §§ 207, 213(a)(1), and 213(a) (17). DOL regulations define and delimit these exemptions and specify the salary and duties requirements for these exemptions. *See* 29 C.F.R.§§ 541.0 *et seq.* [1]

Section 216(b) permits an employee to bring an action against an employer for a violation of § 207 individually and on behalf of others, but only if those employees are "similarly situated," except that no employee shall be a party to any such action unless he or she consents in writing. *See* 29 U.S.C. § 216(b).

District courts have discretion, in appropriate cases, to implement §216(b) by facilitating notice to potential plaintiffs. *See Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989). Conditional certification under the FLSA is "only the district court's exercise of the discretionary power, upheld in *Hoffmann-La Roche*, to facilitate the sending of notice to potential class members," and "is neither necessary nor sufficient for the existence of a representative action under FLSA, but may be a useful 'case management' tool for district courts to employ in 'appropriate cases.'" *Myers v. Hertz*

---

[1] 29 C.F.R. §§ 541.00 (executive employees), 541.200 (administrative employees), 300 (professional employees), 541.304 (employees that practice law or medicine), 541.400 (computer employees), and 541.500 (outside sales employees).

*Corp*. 624 F.3d 537, 555 n.10 (2nd Cir. 2010) (citing *Hoffmann-La Roche*, 493 U.S. at 169, 174); *see also Purdham v. Fairfax Cnty. Pub.Schs*. 629 F. Supp. 2d 544, 547-48 (E.D. Va. 2009).

It is the plaintiffs' burden in a § 216(b) action to demonstrate that is appropriate. *See Purdham*, 629 F. Supp. 2d at 548; *D'Anna v. M/A-Com, Inc*. 903 F. Supp. 889, 893-894 (D. Md. 1995); *Blaney v. Charlotte-Mecklenburg Hosp. Auth*. 3:10-CV-592, 2011 U.S. Dist. LEXIS 105302, at *9-10 (W.D.N.C. Sept. 16, 2011).   The court should not facilitate notice unless "the facts and the circumstances of the case illustrate that a class of similarly situated aggrieved employees exists."  *Purdham*, 629 F. Supp. 2d at 548-49 (citations and quotations omitted); *see also Blaney,* 2011 U.S. Dist. LEXIS 105302, at *9.

A Texas federal court recently stated, "[t]he Court's task during the notice state is to determine whether Plaintiffs have come forward with sufficient proof to convince the Court that it makes sense to vastly expand the scope of the litigation at considerable cost to all concerned due to the expense of sending out notice to the putative collective members, the substantial widening of discovery, and the burden of the courts of administering the thousands of claims brought by opt-ins nationwide." *Hickson v. United States Postal Serv*. No. 5:09CV83, 2010 U.S. Dist. LEXIS 104112, at *47 (E.D. Tex. July 22, 2010) (citation and quotation omitted)

In *Richardson v. Wells Fargo Bank, N.A.,* 2012 WL 334038 (S.D.Tex.2012), this Court discussed the legal standard it would apply to a question of conditional certification:

When considering whether to certify a lawsuit under the FLSA as a collective action, the Court generally uses a "two-step *ad hoc* approach." *See Mooney v. Aramco Servs. Co.*, 54 F. 3d 1207, 1213-14 (5th Cir. 1995) (citing *Lusardi v. Xerox Corp.*, 122 F.R.D. 463, 465-66 (D.N.J. 1988)), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003); *McKnight v. D. Houston, Inc.*, 756 F. Supp.2d 794, 800-02 (S.D.Tex. 2010) (Rosenthal, J.).  At the first state, the "notice stage," the Court decides whether to issue notice to potential class members.  *McKnight,* 756 F. Supp.2d at 801.  The second stage occurs when discovery is largely complete and the defendant moves to "decertify" the conditionally certified class.  *Id.* At 802.  "Neither stage of certification is an opportunity for the court to assess the merits of the claim by deciding factual disputes or making credibility determinations."  *Id.*

At the notice stage, the Court's decision is generally based on the pleadings, affidavits and other limited evidence.  *Mooney*, 54 F.3d at 1214; *McKnight*, 756 F. Supp.2d at 801.  For a class to be created under section 216(b), the named plaintiff must make, *inter alia*, a "minimal showing" that putative class members are "similarly situated" to the plaintiff in relevant respects given the claims and defenses asserted.  *McKnight*, 756 F. Supp.2d at 801; *see also Hipp v. Liberty Nat'l Life Ins. Co.* 252 F.3d 1208, 1217 (11th Cir.2001) (citations omitted); *Badgett v. Tex. Taco Cabana, L.P.*, 2006 WL 2934265, *2 (S.D.Tex.2006) (citing *H & R Block, Ltd. V. Housden*, 186 F.R.D. 399, 400 (E.D.Tex. 1999)) ("[T]he plaintiff bears the burden of proof of making a preliminary factual showing that a similarly situated group of potential plaintiffs exist.").

The key consideration is that to be similarly situated," there must be "substantial allegations that potential members 'were together the victims of a single decision, policy, or plan.'  *McKnight*, 756 F.Supp.2d at 801 (quotations and citations omitted).  To make this determination, courts generally look to the factual and employment settings of the individual plaintiffs, *see Hardemon v. H & R Block East. Enters*, 2011 WL 3704746, at *3 (S.D.Fla. Aug. 23, 2011) (citations omitted), and the existence of a common policy or plan affecting the potential plaintiffs.  *See Russell v. Ill. Bell Tel. Co.*, 575 F.Supp.2d 930, 937 (N.D.Ill.2008) (citations omitted) (observing that courts have defined "similarly situated" in various ways, including finding that the potential collective action participants must "perform[] the same type of duties as the named plaintiff" or that they "were victims of a common policy or plan that violated the law").  Certification should be denied" 'if the action arises from circumstances purely personal to the plaintiff, and not from any applicable rule, policy, or practice.'  *McKnight*, 756 F.Supp.2d at 801 quoting *England v. New Century Fin. Corp.*, 370 F.Supp.2d 504, 507 (M.D.La2005)).

> Because the court generally has minimal evidence at the notice stage, courts have observed that the conditional class "determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class that provides potential class members with notice and the opportunity to opt in. *McKnight*, 756 F.Supp.2d at 801 (quoting *Mooney*, 54 F.3d at 1214 n.8).

*Richardson v. Wells Fargo Bank, N.A.,* 2012 WL 334038, *1-2 (S.D.Tex.2012)(emphasis added).

A.    Defendants' Position Regarding Conditional Certification

At the November 5, 2012, hearing, the Court indicated that it would entertain Plaintiff's Motion prior to the parties conducting any discovery.   Taking into consideration the Court's ruling, as well as the legal standards described above and Plaintiff's acknowledgment that her overtime claims are not predicated on any misclassification or off-the-clock theories (Doc. #29, pp. 14-15, CDM, without waiving the right to move for decertification following discovery, does not oppose conditional certification.[2]

However, as more fully described below, CDM does oppose and object to the form and scope of Plaintiff's proposed Notice and Consent form and the scope of employee information Plaintiff seeks from Defendants.

Defendants MMC Group and MMC oppose conditional certification for the reason that neither was the employer of Plaintiff or any member of the putative collective class. (Grover Decl. ¶ 4, App. 1)  In the absence of any evidence establishing MMC Group and/or MMC were the employers of Plaintiff or any member of the putative collective

---

[2] In doing so, CDM does not waive, and specifically reserves, the right to assert that overtime claims are limited to a two year period.

class, and there is none, neither Defendant is subject to liability under the FLSA and conditional certification of claims against either Defendant should not be ordered.

If the Court determines that conditional certification should be ordered with respect to not only CDM but also MMC Group and/or MMC, they join CDM in their opposition and objection to the scope and form of Plaintiff's proposed Notice and Consent, as well as the scope of the proposed order to Defendants to produce employee information.

B.   **Defendant's Objections to the Form and Scope of Plaintiffs' Proposed Notice as well as certain Employee Information sought by Plaintiffs**

In discussing the Court's role with respect to the proposed Notice to putative class members, this Court stated:

> District courts have the discretion to implement the collective action procedure by facilitating notice to potential plaintiffs. *See Hoffmann-La Roche Inc. v.Sperling,* 493 U.S. 165, 171 (1989). Such a notice should be "timely, accurate, and informative." *Id.* at 172.

*Foraker v. Highpoint Southwest Servs., L.P.,* 2006 WL 2585047 (S.D.Tex. Sept 7, 2006) *2.  Describing how courts across the country have addressed various Notice issues, a New Jersey federal court recently stated:

> [D]istrict courts have the authority to supervise the notification process, including how much time plaintiffs are given to notify class members, how class members are to be notified, and what contact information plaintiffs are afforded. *See Hoffmann–La Roche,* 493 U.S. at 170–72 ("By monitoring preparation and distribution of the notice, a court can ensure that it is timely, accurate, and informative."); *Pereira,* 261 F.R.D. at 68–69 (defining the appropriate means of notice, determining whether posting notice is appropriate, determining the appropriate notice period, and directing the parties to meet and confer regarding the wording and form of the notice); *Ritzer,* 2008 WL 4372784, at *4–5(stating that "courts possess broad

discretion to provide court facilitated notice," authorizing the specific wording of an entire notice provision, and determining an appropriate means of notice). In this regard, the court must "strike the appropriate balance in ensuring notification to the [potential class] while minimizing disturbance to [defendant's] business." *Hallissey v. Am. Online, Inc.,* No. 99–CIV–3785, 2008 WL 465112, at*3 (S.D.N.Y. Feb. 19, 2008).

With respect to the notice period, courts have authorized different amounts of time and methods of notification depending on the particular circumstances of the case, but 30–60 days is generally sufficient. *See, e.g., Hallissey,* 2008 WL 465112, at *1, 4 (allowing a 60 day notification period with delivery via e-mail and first class mail for an estimated potential class of 13,000, where defendant agreed e-mail notification would be appropriate, but requiring hand-signed consents be submitted by mail or facsimile); *Martinez v. Cargill Meat Solutions,* 265 F.R.D. 490, 501 (D.Neb.2009) ("Forty-five days is sufficient time for putative plaintiffs to consider their options and, if desired, seek the assistance of outside counsel in deciding whether to join this lawsuit ....[i]n contrast ... 120 days will substantially delay the progress of this litigation); *Williams v. Long,* 585 F.Supp.2d 679, 692 (D.Md.2008) (allowing 30 day notification period); *Baden–Winterwood v. Life Time Fitness,* No. 06 CV 99, 2006 WL 2225825, at *3 (S.D.Ohio Aug. 2, 2006) (allowing 45 day period because "sixty (60) days is too long and would needlessly delay the litigation. On the other hand, thirty (30) days is too short because of forwarding issues with the United States Postal Service and because that time period does not allow potential plaintiffs to fully consider their options and contact their own attorney should they so desire.").

With respect to the form of notice and contact information requested, first class mail and home addresses are generally deemed sufficient, and additional information and contact methods are typically provided only if necessary. *See Bredbenner v. Liberty Travel, Inc.,* No. 09–CV–00905, 2009 WL 2391279, at *3 n. 3 (D.N.J. July 31, 2009) ("Courts generally release social security numbers only after notification via first class mail proves insufficient."); *Ritzer,*2008 WL 4372784, at *4 ("Unless notification via first class mail proves insufficient, social security numbers and telephone numbers should not be released."); *Martinez,* 265 F.R.D. at 500 (declaring that first class mail would be sufficient because "[t]here is no evidence personal mailing will be an unreliable means of delivering notice to the putative plaintiffs"); *Reab v. Elec. Arts, Inc.,* 214 F.R.D.623, 631 (D.Colo.2002) ("First class mail ensures, at the outset, that the appropriately targeted audience receives the intended notification and maximizes the integrity of the notice process.")

*Steinberg v. TD Bank N.A.*, 2012 WL 2500331 (D. N.J. June 27, 2012) *6-7 (emphasis added).

Plaintiffs' proposed Notice and consent form as well as the employee information sought from Defendants are overbroad and otherwise deficient for several reasons, as described below.

### 1.  **Objection to Notice Period**

In Plaintiff's Motion, Plaintiff suggests that 90 days is an appropriate notice period.  (Doc. # 29, p. 21-22)  The circumstances of each case dictate what is an appropriate notice period.  *See Hallissey*, 2008 WL 465112, at*1, 4.  While a 90-day notice was deemed appropriate under the circumstances of the *Wells Fargo* case, cited by Plaintiffs (Doc. # 29, p. 21), this is a relatively simple case in which recipients of the Notice will only need to consider the number of hours of overtime they worked and whether participating in the collective action is in their best interests.

Defendants dispute Plaintiff's suggestion that a 90-day notice is commonly approved by courts.  As described in *Steinberg*, *supra*, 30-60 days is generally sufficient. Defendants submit that the requested notice period should be shortened to 45 days.

### 2.  **Objection to Proposed Notice by First Class Mail and by Email**

Plaintiff has requested that the proposed Notice be forwarded to potential class members by first class mail <u>and</u> by email.  (Doc. #29, pp. 20-21)  Plaintiff cites *Walker v. Honghua AM., LLC*, 2012 WL 1601288 at *8 (S.D. Tex. May 7, 2012), a decision from this Court, for the general proposition that sending judicial notice by email is appropriate.

While this Court did order the production of such information, the cited decision did not order that the agreed upon notices could be forwarded by email. *Id.*

Given that this case is relatively simple, recipients of a Notice will have little difficulty understanding the choice available to them. Sending the Notice by first class mail to home addresses is both reasonable and sufficient. As noted in the recent decision in *Steinberg, supra,* "first class mail and home addresses are generally deemed sufficient, and additional information and contact methods are typically provided <u>only if necessary</u>." *Steinberg v. TD Bank, N.A,* 2012 WL 2500331 at *6-7 (N.J. June 27, 2012)(citations omitted)(emphasis added). Plaintiffs have offered no evidence that email notification is necessary here.

In the event the Court permits notification by both first class mail and email, Defendants object to the Plaintiff's proposed Consent form for the reason that it allows for return of the Consent form by email. Return of any signed consent form should, at a minimum, be limited to first class mail or fax so as to insure that every Consent obtained by Plaintiff's counsel contains a verifiable, handwritten signature. *See, Hallissey*, 2008 WL 465112 at *1, *4 (court allowed, with defendant's agreement, email notification but required that hand-signed consents be submitted by mail and/or facsimile).

### 3. Objection to Three-Year Notice Without <u>Additional Explanatory Information and Notice.</u>

Courts in the Southern District have acknowledged that a three-year notice is appropriate because "FSLA plaintiffs are not required to prove willfulness prior to discovery." *Walker*, 2012 WL1601288 (S.D.Tex. May 7, 2012) at *7. However, as this

court noted in *Foraker*, 2006 WL2585047 at *5 (S.D.Tex. 2006), it is appropriate to incorporate additional language into the notice which would "explain clearly that claims of employees who have not worked for [the employer] within the past two years may be time-barred; and if so, no recovery will be available." *Id*. Defendants object to the proposed Notice without the above-referenced explanatory information.

4. **Objection to the Court Name in the Heading and the Conclusion of Plaintiff's Proposed Notice**

Defendant objects to the style of this case and Judge Atlas' name at the top of the first page of Plaintiffs' proposed notice (Doc. #29-34) because that information is not necessary to the election to be made by the recipient. Moreover, that language <u>and</u> the statement at the end of the Notice that the Notice and Consent has been "authorized" by the Court improperly suggests to a notice recipient that the Court endorses or supports the merits of the litigation and claims. *See Martinez*, 265 F.R.D. at 499; *See also Hoffmann-LaRoche,* 493 U.S. at 174 ("trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action")

5. **Objection to the Failure to Incorporate Defendants' "Good Faith" Defense in the Introduction Section of Plaintiffs' Proposed Notice.**

This Court has previously recognized that accurately describing the parties' positions is important. *Foraker*, 2006 WL2585047 at *6. In doing so, this Court determined that it was appropriate to incorporate into the Notice the fact that defendants position, in part, was that it "acted in good faith at all times." *Id*. Because all Defendants in this case asserted a good-faith affirmative defense, (Doc. #15-16), Defendants object to

the failure to incorporate that information into the Introduction Section of Plaintiffs' proposed Notice.

Specifically, Defendants contend that the second-to- the-last sentence on page 1 of Plaintiffs' proposed Notice, (Doc. #29-34), should read "Defendants deny these allegations and contend that their compensation practices are and were lawful and that their actions were undertaken in good faith."

6. **Objection to Plaintiffs' Description in the Notice of "Your Right to Participate in the Lawsuit" Because it Fails to Accurately Inform <u>Recipients of All of Their Options.</u>**

In *Foraker*, 206 WL2585047 at *5-6, this Court agreed with the objection presented by the defendant in that case that the proposed Notice did not accurately describe all of the options available to the recipients.  Here, Plaintiffs' proposed Notice (#29-34), does not even address the option of doing nothing or any options other than consenting.  Accordingly, Defendant objects to the Plaintiffs' proposed Notice because it lacks language describing alternative options available to the recipients.  An example of such alternative language is as follows:

> You do not have to file a consent notice. Your rights to wages are not lost if you do not want to join this Houston-based lawsuit. If you do not want to be represented by this Minneapolis, Minnesota law firm, or if you do not want to file a federal lawsuit at this time and would rather examine other options, or if you would prefer to make a claim in a different jurisdiction or district, or if you do not wish to litigate and be deposed and be involved in discovery; you should not file this consent form.

Defendant suggests that such additional language would appropriately be included after the contact information for the Nichols Kaster law firm in the "Your Right to Participate in the Lawsuit" section of Plaintiffs' proposed Notice.

7. **Objection to the Lack of Information to Class Members That They Could be Liable for Court Costs**

In electing whether or not to participate in a lawsuit, employees should be made aware of all possible ramifications of doing so and particularly financial ramifications to the individual recipient. Because Plaintiffs' proposed Notice does not inform class members of this fact, Defendants object to same and specifically request that such information be incorporated into the Notice. *See Foraker*, 2006 WL2585047 at *6 (this Court implicitly recognized that such information should be provided to class members).

8. **Objection to Plaintiff's Request for Authority to Re-send the Notice (or a Reminder Letter) During the Notice Period**

Plaintiffs have requested authority to re-send the Notice or a reminder letter during the Notice Period. (Doc #29 at P.22) Defendants object to same and reject Plaintiffs' suggestion that the courts routinely allow for reminder notices.

Plaintiffs have offered no evidence that would support the suggestion that such reminders would be appropriate here. Further, reminder letters potentially could confuse recipients into thinking that failure to provide consent will lead to further communications from and problems with legal counsel and the Court.

9. **Objection to Providing to Plaintiff's Counsel
   <u>Certain Requested Employee Information.</u>**

Plaintiff's counsel seeks information regarding the putative class members beyond that which is reasonable or necessary. In addition to each employee's full name, last known address and dates of employment, Plaintiffs seek the production by Defendants of each employee's (1) personal email address, (2) telephone number (3) social security number (last four digits only) and (4) employee identification number.

Defendants object to the requested production of the additional information as it is neither necessary nor reasonable under the circumstances of this case. *See Steinberg*, 2012 WL2500331 at *6-7 ("first-class mail and home addresses are generally deemed sufficient, and additional information and contact methods are typically provided only if necessary"). *Bredbenner*, 209 WL2391279 at *3n.3. In *Bredbenner*, the court noted that "courts generally release <u>social security numbers</u> only after notification by a first-class mail proves insufficient." *Id.*; *see also Ritzer* 2008 WL4372784 at *4 ("unless notification via first-class mail proves insufficient, <u>social security numbers and telephone</u> <u>numbers should not be released"</u>)(emphasis added).

In the absence of any evidence offered by Plaintiffs that would support the need for any of the requested additional information, and there is none, Defendants should not be order to produce social security numbers, telephone numbers, employee identification numbers and personal email addresses.

Defendants respectfully submit that their objections should be sustained, that the Plaintiffs' proposed Notice and Consent form should be revised accordingly, and that any

Order requiring Defendants to provide employee information should reflect and take into account the objections noted above.

## III. CONCLUSION

Based on the foregoing, Defendants respectfully submit that the Court should (1) enter an Order granting Plaintiffs' Motion for Conditional Certification with respect to CDM only, (2) dismiss Plaintiff's claims against MMC Group and MMC, (3) revise, consistent with Defendants' objections, Plaintiffs' proposed Notice and Consent form, (4) Order CDM to produce employee information consistent with Defendants' objections, and (5) award such other relief as the Court deems just and proper.

Date:  December 4, 2012

Respectfully submitted,

*//S//R. Rogge Dunn*
R. ROGGE DUNN
State Bar No. 06249500

Email: Rogge@righttowork.com

BRYAN C. COLLINS
State Bar No. 04604850
Email:  bcollins@clousedunn.com

**CLOUSE DUNN LLP**
1201 Elm Street, Suite 5200
Dallas, Texas 75270
Ofc: (214) 220-3888
Fax: (214) 220-3833

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2012, I filed electronically the foregoing document with the Clerk of the Court using the CM/ECF which has sent notification of such filing to:

Andrew G. Chase       **VIA ECF**
Paul J. Lukas
Nichols Kaster, PLLP
4600 IDS Center
80 South 8th Street
Minneapolis, MN  55402


*//S//R. Rogge Dunn*
R. ROGGE DUNN
State Bar No. 06249500

Email: Rogge@righttowork.com

BRYAN C. COLLINS
State Bar No. 04604850
Email:  bcollins@clousedunn.com

**CLOUSE DUNN LLP**
1201 Elm Street, Suite 5200
Dallas, Texas 75270
Ofc: (214) 220-3888
Fax: (214) 220-3833

**ATTORNEYS FOR DEFENDANTS**