# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| DiAnn Lyons, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br> v.<br><br>C.D. Mitchell & Co.<br><br>    Defendant. | Civil Action No. 4:12-cv-02506<br><br>Judge Nancy F. Atlas<br><br>**FIRST AMENDED COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff DiAnn Lyons ("Plaintiff"), individually and on behalf of all similarly situated individuals, brings this action as a collective action against C.D. Mitchell & Company ("Defendant") for unpaid overtime wages resulting from Defendant's violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

## PRELIMINARY STATEMENT

1. This case is about Defendant's systematic failure to pay proper overtime wages to its employees who worked on projects supporting the Federal Deposit Insurance Corporation ("FDIC") with bank closings, receivership assistance, and other services.

2. Defendant misclassified Plaintiff and the similarly situated individuals as exempt from the FLSA's overtime laws, and paid these employees on an hourly basis, but did not pay them time and a half overtime wages for the hours they worked in excess of forty per week—i.e. they were paid "straight time" for their overtime. Because Plaintiff and the similarly situated individuals were paid on an hourly basis, they are not exempt

from the FLSA's requirement that all non-exempt employees must be paid one and one-half times their regular rate of pay for all hours worked over forty per workweek.

3. Defendant failed to pay Plaintiff and the similarly situated individuals for all their work hours, including for time that Plaintiff and the similarly situated individuals spent in travel away from their home communities.

4. Defendant has willfully committed widespread violations of the FLSA by failing to pay these employees proper overtime compensation.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction under 28 U.S.C. § 1331 to hear this Complaint and to adjudicate these claims because this action is brought under the FLSA, 29 U.S.C. § 201 et seq.

6. Venue in this district is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to these claims occurred in this district.

## PARTIES

7. Plaintiff DiAnn Lyons is an adult resident of the State of Florida. She worked for Defendant as an asset servicing professional at Defendant's work site in Houston, Texas from approximately November 2008 to April 2010.

8. Plaintiff brings this action individually and on behalf of all similarly situated individuals nationwide (the "FLSA Collective"), pursuant to the FLSA, 29 U.S.C. § 216(b).

9. Plaintiff and the FLSA Collective were Defendant's "employees," as defined by the FLSA, 29 U.S.C. § 203(e).

10. Defendant C.D. Mitchell & Company is a domestic corporation with its principal place of business in Irving, Texas. C.D. Mitchell is the employment and staffing partner for affiliate company Mir Mitchell & Company, LLP, which provides outsourcing, consulting, and workforce management solutions to commercial, federal, state, and local clients nationwide. Defendant places personnel at Mir Mitchell & Company, LLP's worksites across the country, including in Houston, Texas.

11. Defendant's gross annual sales made or business done has been $500,000 or greater.

12. Defendant is Plaintiff and the FLSA Collective's "employer," within the meaning of the FLSA, 29 U.S.C. § 203(d).

## FACTUAL ALLEGATIONS

13. Plaintiff incorporates by reference the facts and allegations in the preceding paragraphs.

14. Defendant's affiliate company Mir Mitchell & Company, LLP contracted with the FDIC to perform bank closings and receivership assistance services for failing financial institutions nationwide, including locations in California, Florida, Georgia, Tennessee, Texas and Utah. Defendant contracted with Mir Mitchell & Company, LLP to provide personnel to perform these bank closings and receivership assistance services.

15. Defendant operates in interstate commerce by, among other things, performing these services in multiple states, including Texas.

16. Plaintiff and the FLSA Collective work or worked for Defendant on projects to support the FDIC with bank closings and other services.

17. Defendant classified Plaintiff and the FLSA Collective as exempt from the FLSA's overtime provisions. However, Defendant paid them on an hourly basis.

18. Defendant routinely suffered and permitted Plaintiff and the FLSA Collective to work more than forty hours in a workweek without paying them proper overtime compensation.

19. Defendant paid Plaintiff and the FLSA Collective their regular hourly rates (i.e., "straight time") for their overtime hours, rather than the legally-required one and one-half times their regular rates.

20. Plaintiff and the FLSA Collective worked for Defendant under various job titles, including asset manager, senior asset manager, asset servicing professional, senior asset servicing professional, RAC contractor, and other similar job titles.

21. Regardless of their job titles, Plaintiff and the FLSA Collective all worked on FDIC projects for Defendant and were all compensated according to Defendant's compensation plan of paying an hourly rate plus straight time for overtime.

22. Although Defendant sometimes referred to Plaintiff and the FLSA Collective as "contractors," they received W-2s from Defendant and were Defendant's employees as defined by the FLSA, 29 U.S.C. § 203(e).

23. Defendant was aware that Plaintiff and the FLSA Collective worked overtime hours for which they were not properly paid because Defendant dictated the number of hours they could work each week, and often required them to work overtime.

24.     Defendant knew that Plaintiff and the FLSA Collective worked overtime hours because Defendant required Plaintiff and the FLSA Collective to record and submit accurate records of all their work hours.

25.     Plaintiff was a resident of Florida while working for Defendant, and was required by Defendant to travel to a worksite in Houston, Texas where she stayed for extended periods of time.  Plaintiff was often required to travel during her regular working hours.  Defendant did not allow Plaintiff to record her travel time as hours worked; thus, Plaintiff was not compensated for these hours.  Employees similarly situated to Plaintiff were also required to travel during their regular working hours to worksites located away from their home communities for extended periods of time, but were not allowed to record their travel time as hours worked and were not compensated for these hours.

26.     Defendant's conduct has been widespread, repeated and consistent.

27.     Defendant's conduct was willful and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective.

28.     While working on FDIC projects for Defendant, Plaintiff and the FLSA Collective worked alongside FDIC employees who were paid time and a half for their overtime hours.

29.     By classifying Plaintiff and the FLSA Collective as exempt from the FLSA, Defendant's compensation plan deprived them of the proper overtime compensation of one and one-half times their hourly rates.

## COLLECTIVE ACTION ALLEGATIONS

30. Plaintiff incorporates by reference the facts and allegations in the preceding paragraphs.

31. Pursuant to the FLSA, 29 U.S.C. § 216(b), Plaintiff files this action as a collective action on behalf of herself and all similarly situated individuals, the "FLSA Collective." The proposed FLSA Collective class is defined as follows:

> All individuals paid an hourly rate and "straight time" for overtime hours, and who work or worked for Defendant on projects supporting the FDIC with bank closings, receivership assistance, and other services, at any time from three years prior to the filing of this Complaint through the entry of judgment.

32. Plaintiff has consented in writing to be part of this action, pursuant to the FLSA, 29 U.S.C. § 216(b). (See Ex. A.)  An additional 203 plaintiffs have also consented to bring overtime claims against Defendant by filing written consent forms with this Court. (See Ex. B.)

33. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective.

## CAUSES OF ACTION
### COUNT I
### Failure to Pay Overtime Compensation
### (Fair Labor Standards Act, 29 U.S.C. § 207)

34. Plaintiff incorporates by reference the facts and allegations in the preceding paragraphs.

35. The FLSA requires employers to pay all non-exempt employees one and one-half times their regular rate of pay for all hours worked over forty per workweek. 29 U.S.C. § 207.

36. To be exempt from the FLSA's overtime requirements, an employee typically must be paid on a salary or fee basis. See 29 C.F.R. §§ 541.100(a)(1) (executive exemption), 541.200(a)(1) (administrative exemption), 541.300(a)(1) (professional exemption), 541.601(b)(1) (highly compensated exemption).

37. An employee is considered to be paid on a "salary basis" if the employee regularly receives each pay period on a weekly basis a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed. 29 C.F.R. § 541.602(a).

38. Defendant classified Plaintiff and the FLSA Collective as exempt from the FLSA's overtime provisions, but paid them on an hourly basis.

39. Defendant routinely suffered and permitted Plaintiff and the FLSA Collective to work more than forty hours in a workweek.

40. Defendant paid Plaintiff and the FLSA Collective "straight time" for their overtime hours.

41. Plaintiff and the FLSA Collective's weekly pay fluctuated depending on, and in direct correlation to, the number of hours she worked during each week.

42. Travel that keeps an employee away from home overnight is compensable worktime when it cuts across the employee's workday. 29 C.F.R. § 785.39.

43. Defendant failed to pay Plaintiff and the FLSA Collective for the time they spent traveling during their regular workday to out-of-state work locations that kept them away from their home community overnight.

44. Defendant has violated the FLSA by failing to pay Plaintiff and the FLSA Collective at a rate of one and one-half times their regular rates of pay for all hours worked over forty per week.

45. Plaintiff and the FLSA Collective were misclassified as exempt by Defendant, and are entitled to overtime compensation at one and one-half times their regular rates of pay for all hours worked in excess of forty per week.

46. Defendant's conduct as alleged in the Complaint constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

47. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the FLSA Collective have suffered a loss of income and other damages. Plaintiff and the FLSA Collective are entitled to liquidated damages, attorneys' fees and costs incurred in connection with this action.

## **PRAYER FOR RELIEF**

48. **WHEREFORE**, Plaintiff, individually and on behalf of all similarly situated individuals, prays for judgment against Defendant as follows:

    A. Designate this action as a collective action on behalf of all similarly situated individuals and promptly issue notice, pursuant to 29 U.S.C. § 216(b), to those individuals to apprise them of this pending action and permit them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

B. Find that Plaintiff and the FLSA Collective are non-exempt employees entitled to protection under the FLSA;

C. Judgment that Defendant's practices violate the FLSA;

D. Judgment against Defendant in the amount of Plaintiff and the FLSA Collective's unpaid back wages at the applicable overtime rates, and an equal amount as liquidated damages;

E. Find that Defendant's FLSA violations were willful;

F. Award Plaintiff and the FLSA Collective all costs and attorneys' fees incurred in prosecuting this action;

G. Award prejudgment interest to Plaintiff and the FLSA Collective (to the extent liquidated damages are not awarded);

H. Leave to add additional plaintiffs by motion, by filing additional consent forms, or any other method approved by the Court;

I. Leave to amend the Complaint to add additional federal and state-law claims; and

J. For all such further relief as the Court deems equitable and just.

## **DEMAND FOR JURY TRIAL**

49. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a jury trial.

DATE:  May 14, 2013               **NICHOLS KASTER, PLLP**

*s/ Andrew G. Chase*_____
Attorney-In-Charge
Andrew G. Chase, MN Bar No. 0391935
(*admitted pro hac vice*)
Paul J. Lukas, MN Bar No. 22084X
(*admitted pro hac vice*)
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402

Telephone: (612) 256-3200
Fax: (612) 215-6870
lukas@nka.com
achase@nka.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that on May 14, 2013, a true and correct copy of **Plaintiff's First Amended Complaint** and all supporting documents were filed electronically via the Court's ECF/CM system, and that the ECF/CM system will issue notice of the filing via electronic mail to the following counsel of record:

R. Rogge Dunn
Bryan C. Collins
Joshua J. Iacuone
**CLOUSE DUNN LLP**
1201 Elm Street, Suite 5200
Dallas, TX 75270
Rogge@righttowork.com
bcollins@clousedunn.com
jiacuone@clousedunn.com

Dated: <u>May 14, 2013</u>　　　　　　　　**NICHOLS KASTER, PLLP**

               _s/ Andrew G. Chase_____
               Paul J. Lukas, MN Bar No. 22084X*
               Andrew G. Chase, MN Bar No. 0391935*
               Attorneys-In-Charge
               4600 IDS Center, 80 South 8th Street
               Minneapolis, MN 55402
               Telephone: (612) 256-3200
               Fax: (612) 215-6870
               lukas@nka.com
               achase@nka.com

               *admitted pro hac vice*